## SIMONS *a.* DE BARRE.

*New York Superior Court; Special Term, April,* 1858.

CITY COURT OF BROOKLYN.—JURISDICTIONAL FACTS.

'The City Court of Brooklyn is a court of limited jurisdiction.

A copy of a judgment of divorce rendered by that court is inadmissible to prove the divorce, without evidence that all the necessary steps had been taken to give the court jurisdiction to render such judgment.

Motion for a new trial.

This action was tried before one of the justices of the court and a jury, in February, 1858. Among other witnesses, the plaintiff called one Fanny B. De Barre, who had been previously married to the defendant. The defendant's counsel objected to her being sworn, on the ground that she was incompetent as a witness against her husband. The plaintiff then offered to prove, by parol, that a divorce had been granted, to which evidence the defendant objected, and the objection was sustained. The plaintiff then offered in evidence a certified copy of a judgment of the City Court of Brooklyn, in an action between the witness and the defendant, declaring the marriage null and void. The defendant objected to the admissibility of such decree as evidence of the facts therein cited, because it did not appear from the decree that the City Court of Brooklyn had jurisdiction to declare the marriage contract a nullity, or had or acquired jurisdiction of the person of the defendant, or jurisdiction of the cause of action, or subject-matter of the proceeding. The court overruled the objections, and decided that the decree was admissible in evidence, to which the counsel for defendant excepted. The decree having been then read in evidence, the plaintiff again offered said Fanny De Barre as a witness in the action. The defendant's objection was overruled, and the witness was then sworn generally in the cause, and testified to matter material to the issues in behalf of the plaintiff, and against the defendant.

The jury found for the plaintiff, and the defendant now moved for a new trial upon his exceptions.

*John Cook,* for plaintiff.

*G. Dean,* for defendant.

PIERREPONT, J.—The City Court of Brooklyn, being one of limited jurisdiction, a copy of a judgment of divorce is not of itself evidence that the court had acquired any right to make the decree.

It was necessary to show that all the necessary steps had been taken to acquire jurisdiction. It is no answer to say that the record would have shown that the necessary steps had been taken. The record was not produced. I am compelled to order a new trial.

The order to be settled on notice.